**Opinion issued October 13, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00343-CR

_____

**JAMES ARTHUR JORDAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1303251**

---

## MEMORANDUM OPINION

On April 5, 2016, appellant James Arthur Jordan filed a notice of appeal from the trial court's October 10, 2012 judgment adjudicating guilt and sentencing appellant to six years' incarceration for the offense of aggravated robbery with a deadly weapon. We dismiss the appeal.

In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of deadline for filing the notice of appeal, appellant files the notice of appeal and a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

The trial court's judgment adjudicating guilt and sentencing appellant to six years' imprisonment for the offense of aggravated robbery with a deadly weapon was signed on October 10, 2012. Appellant's notice of appeal filed on April 5, 2016, almost three-and-a-half years after the judgment was signed, is untimely. *See* TEX. R. APP. P. 26.2. This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Because appellant's notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at

522. Accordingly, we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).